NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 19a0115n.06

No. 18-1688

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

FILED
Mar 13, 2019
DEBORAH S. HUNT, Clerk

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff-Appellee, | ) |
| | ) ON APPEAL FROM THE UNITED |
| v. | ) STATES DISTRICT COURT FOR |
| | ) THE EASTERN DISTRICT OF |
| THEODORE VIRGIL CHANDLER, | ) MICHIGAN |
| | ) |
| Defendant-Appellant. | ) |
| | ) |

BEFORE: McKEAGUE, GRIFFIN, and NALBANDIAN, Circuit Judges.

PER CURIAM. Pursuant to a written plea agreement, Chandler pleaded guilty to conspiracy to possess with intent to distribute cocaine in violation of 21 U.S.C. §§ 841(a)(1) and 846 and conspiracy to launder monetary instruments in violation of 18 U.S.C. § 1956(a)(1), (h). At sentencing, the district court calculated a guidelines range of 262 to 327 months of imprisonment based on a total offense level of 37 and a criminal history category of III. Granting a downward variance from that range, the district court sentenced Chandler to 235 months of imprisonment. Chandler now appeals that sentence.

Chandler first argues that the district court erred in adding two levels to his base offense level pursuant to USSG § 2D1.1(b)(1) for possessing a dangerous weapon despite sustaining his objection to that enhancement. The record shows that the district court, consistent with its ruling, did not apply the two-level enhancement. Although the district court calculated the same guidelines range as the presentence report, which included the two-level enhancement for

possessing a dangerous weapon, the presentence report failed to apply the two-level enhancement pursuant to USSG § 2S1.1(b)(2)(B) for Chandler's conviction under 18 U.S.C. § 1956. Chandler admitted that his § 1956 conviction required the two-level enhancement.

Chandler next argues that the district court erred in adding two criminal history points pursuant to USSG § 4A1.1(d), which increased his criminal history category from II to III. We review "the district court's factual findings in determining a defendant's criminal history category for clear error." *United States v. Wilson*, 168 F.3d 916, 922 (6th Cir. 1999).

USSG § 4A1.1(d) instructs the district court to add two criminal history points "if the defendant committed the instant offense while under any criminal justice sentence, including probation, parole, supervised release, imprisonment, work release, or escape status." Chandler's supervised release for his prior federal offenses began in January 2008 and ended in January 2013. The first superseding indictment charged Chandler with engaging in the drug conspiracy "[f]rom on or about 2012 to on or about January of 2015" and in the money laundering conspiracy "in or about 2012 and continuing through at least January of 2015." In his plea agreement, Chandler admitted that his offense conduct began "[f]rom at least as early as 2012 until January 2015." Chandler likewise admitted during the plea colloquy that his offense conduct occurred "within the dates of 2012, to 2015."

Despite his admissions and the government's evidence that law enforcement's investigation into his offenses began before January 2013, Chandler contends that the district court erred in adding two criminal history points pursuant to USSG § 4A1.1(d) because the district court relied on a September 14, 2012, traffic stop as relevant conduct. Law enforcement stopped Chandler and co-conspirator LaShondra Jackson as they were driving back from Chicago, leading to the discovery of a small amount of marijuana along with $4582 in cash in a purse. Chandler asserts that the district court may not include conduct as "relevant conduct" under USSG § 1B1.3

"unless the conduct at issue amounts to an offense for which a criminal defendant could potentially be incarcerated" and that driving a vehicle in which the passenger possesses a small amount of marijuana and $4582 in cash does not amount to an offense for which he could potentially be incarcerated. *United States v. Shafer*, 199 F.3d 826, 831 (6th Cir. 1999). But this argument ignores the fact that Chandler and Jackson were charged with conspiring to launder drug proceeds. In the case of jointly undertaken criminal activity, relevant conduct includes the acts of others that were "(i) within the scope of the jointly undertaken criminal activity, (ii) in furtherance of that criminal activity, and (iii) reasonably foreseeable in connection with that criminal activity." USSG § 1B1.3(a)(1)(B). During the traffic stop, Chandler and Jackson lied about where they had been and were found with a large amount of cash. One could reasonably infer that they were transporting drug proceeds in furtherance of the money laundering conspiracy. Nonetheless, the district court agreed with defense counsel that Chandler's and Jackson's dishonesty about their travels did not "in and of itself make[ ] these drug proceeds" and found instead that, "looking at the entire picture, . . . there was activity prior to January 2013." The district court did not clearly err in finding that Chandler began his offenses while he was on supervised release and properly determined that the two criminal history points applied under USSG § 4A1.1(d).

As his third and final issue, Chandler contends that the district court clearly erred in failing to set forth factual findings to support its drug quantity finding, which was determined in part through the conversion of money into an equivalent amount of drugs. According to Chandler, the government failed to establish that $139,830 laundered through bank accounts constituted proceeds from trafficking heroin as opposed to cocaine.[1] Because Chandler did not make this

---

[1] Chandler also challenges the inclusion of $4582 and $10,980 seized from Jackson in two traffic stops. As the government points out, those seizures are too small to affect the applicable offense level.

particular argument at sentencing, we review for plain error. *See United States v. Vonner*, 516 F.3d 382, 385-86 (6th Cir. 2008) (en banc).

In his plea agreement, Chandler stipulated that, as part of the money laundering conspiracy, "individuals would deposit cash into JP Morgan Chase and Huntington Bank accounts at branches in West Virginia and other individuals would withdraw the funds at different branches in the Detroit, Michigan area." According to Chandler's presentence report, information from the IRS showed that "approximately $139,830 of drug proceeds were funneled through bank accounts in which deposits were made into accounts in West Virginia and then withdrawn in Michigan." Chandler's co-conspirators made admissions in this and related cases that the money funneled through the bank accounts constituted proceeds from heroin sales and that the conspiracies involved the distribution of heroin in West Virginia. Chandler points to no evidence suggesting that the money funneled through these bank accounts constituted proceeds from cocaine sales or that he sold an appreciable quantity of cocaine in West Virginia. The district court therefore did not commit plain error in accepting the presentence report's recommendation that the $139,830 in laundered funds constituted proceeds from heroin sales.

For these reasons, we **AFFIRM** Chandler's sentence.